UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RICHARD A. BROWN,
        *Defendant-Appellant.*

No. 01-4012

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-346)

Submitted: September 13, 2001

Decided: October 16, 2001

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jason Tighe Easterly, EASTERLY & BERLING, P.C., Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Laura A. Colombell, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard A. Brown appeals his forty-six month sentence imposed upon his conviction after a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). The district court sentenced him to forty-six months incarceration, two years supervised release, and a $100 special assessment. Brown noted a timely appeal. Brown's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

On appeal, Brown charges the district court with error in denying his motion to exclude evidence pursuant to Fed. R. Evid. 404(b) and admitting evidence relating to an assault with a firearm committed by Brown against his girlfriend, Natasha Williams. We review the district court's evidentiary rulings for abuse of discretion. *See United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995); *United States v. Clark*, 986 F.2d 65, 68 (4th Cir. 1993).

Prior to trial, Brown moved to exclude evidence of his assault on Williams as an irrelevant and unduly prejudicial bad act. The district court denied his motion, noting that the temporal proximity of the assaults to Brown's arrest made the evidence highly probative. At trial, Brown objected to the Government's reference in its opening statement as to an assault by Brown on Williams with a gun the day prior to his arrest. The district court overruled the objection. Thereafter, on cross-examination Sandy Leadbetter, a detective for the Richmond Police Department, testified that Williams had been struck by Brown with a gun the evening before his arrest. Williams, Cameron Reed, and Denita Ridley testified about Brown's assault of Williams with Brown's gun the prior evening.

We find that evidence of Brown's assault on Williams on the prior evening was an integral part of the res gestae and meets all the criteria of the four-part test set forth in *United States v. Queen*, 132 F.2d 991, 994-95 (4th Cir. 1997). Evidence of Brown's use and handling of the weapon in the course of the assault was necessary to complete the story and prove that Brown possessed the gun. Moreover, we find that the district court's limiting jury instructions provided additional pro-

tection to defendants. *Id.* at 998. Thus, we find that the district court did not abuse its discretion in admitting the evidence.

We further find that the district court did not err in denying Brown's motion for judgment of acquittal made pursuant to Fed. R. Crim. P. 29. This Court reviews de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Where, as here, the motion is based on a claim of insufficient evidence, the relevant question is whether the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Id.*; *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). If substantial evidence exists to support a verdict, the verdict must be sustained. *Burgos*, 94 F.3d at 862 (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. *Romer*, 148 F.3d at 364.

The Government presented ample credible evidence of Brown's possession of the gun through the testimony of Natasha Williams, James Reed, Cameron Reed, and Denita Ridley. Thus, we conclude that the district court properly denied the motion for judgment of acquittal.

Brown also alleges prosecutorial misconduct. In the absence of factual findings from the trial court, allegations of prosecutorial misconduct are subject to plenary review. *United States v. Golding*, 168 F.3d 700, 702-03 (4th Cir. 1999). To evaluate whether prosecutorial misconduct occurred, we must determine whether the prosecutor's remarks or conduct were improper and prejudicially affected Brown's rights so as to deprive him of a fair trial. *See United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993).

In his closing argument, Brown asserted that because several people had access to the home and bedroom where the gun was located, near which Brown was sleeping, that other people could have had access to and control of the weapon. In rebuttal, the Government responded:

> Other people coming in and out of the house. Again, does that matter? Was there any evidence that any of them kept a gun on the closet shelf in the back bedroom? No. The only person who, the only evidence you have before you about who might have kept a gun in that back closet shelf was the defendant sitting here before you.

(J.A. at 127-28). This language was not intended to be, nor could the jury have naturally and necessarily taken it to be, a comment on the failure of Brown to testify. *See United States v. Whitehead*, 618 F.2d 523, 527 (4th Cir. 1980). Thus, we find that Brown's claim of prosecutorial misconduct lacks merit.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Brown's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*